UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DADRAIN DANTWONE BANKS                                    PLAINTIFF

V.                          No. 4:19CV00596-KGB-JTR

BRIGGS, Major,
Pulaski County Jail, *et al.*                             DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Dadrain Dantwone Banks ("Banks") has filed a *pro se* § 1983 Complaint, Amended Complaint, and Addendum, alleging that, while he was

incarcerated in the Pulaski County Detention Facility ("PCDF"), at least forty Defendants violated his constitutional rights. *Docs. 2, 16 & 18.*[1]

Before Banks may proceed with this action, the Prison Litigation Reform Act ("PLRA") requires the Court to screen his pleadings, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To survive the screening process, a "complaint must contain sufficient *factual matter*, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

---

[1] The Court has read Banks's *pro se* Complaint, Amended Complaint, and Addendum, together, as constituting his claims. *See Topchian v. JP Morgan Chase Bank, N.A.,* 760 F.3d 843, 849 (8th Cir. 2014) (*pro se* complaint must be "liberally construed" and "*pro se* litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health,* 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint).

2

## II. Discussion

In his initial Complaint, Banks alleged that twenty-four named Defendants,[2] and an unspecified number of "Doe" Defendants, "all network[ed] in a joint effort" to keep "certain" PCDF inmates from filing lawsuits against PCDF employees.[3] *Doc. 2 at 4.* However, he failed to make *any* specific factual or legal allegations against any Defendant. He also improperly asserted claims on behalf of two additional PCDF prisoners (Darrell Warren and John Eugine Randol) and failed to explain how *he* was personally harmed or injured by the alleged constitutional violations. Because the Court could not meaningfully evaluate Banks's claims or determine against whom those claims were being asserted, he was given the opportunity to file an Amended Complaint that:

---

[2]Major Briggs ("Briggs"), Sergeant Hoof ("Hoof"), Sergeant Luckadue ("Luckadue"), Sergeant Long ("Long"), Lieutenant Shepard ("Shepard"), Lieutenant Hobbs ("Hobbs"), Lieutenant Voghn ("Voghn"), Lieutenant Altrich ("Altrich"), Lieutenant Freeman ("Freeman"), Lieutenant Sims ("Sims"), Sergeant Mussaddqi ("Mussaddqi"), Sergeant McCuewn ("McCuewn"), Sergeant Bilbruck ("Bilbruck"), Sergeant Ekezell ("Ekezell"), Lieutenant Arravat ("Arravat"), Sergeant Ware ("Ware"), Sergeant Garcia ("Garcia"), Lieutenant Benett ("Benett"), Sergeant Knudsen ("Knudsen"), Sergeant Nelson ("Nelson"), Sergeant Jenkins ("Jenkins"), Sergeant Feilds ("Feilds"), Sergeant Tompson ("Tompson"), and Sergeant Austin ("Austin"). *Doc. 2 at 1-2 & 4.*

[3]He alleged that these individuals: (1) kept "certain" inmates on 23-hour lockdown in Ad Seg, with "full restraint status"; (2) read those inmates' legal papers and mail, took their papers and legal mail and would not return them in time to meet court-imposed deadlines, and monitored when the inmates sent legal mail; (3) watched the cell video monitors to know when those inmates were writing to the courts; (4) limited their telephone access to one hour a day; (5) limited their access to the law library; (6) made false statements in incident reports involving those inmates; and (7) tried to cause those inmates to "get a strike" so they would be prevented from being able to file lawsuits pursuant to the PLRA's "three-strikes" provision. *Id. at 4 & 6.*

> (1) explain[ed] *how* and *when each* of the named Defendants *personally participated* in violating his constitutional rights; (2) explain[ed] *how* he suffered an *actual harm or injury* from not being able to access the courts *and* the dates he suffered this harm or injury, and the case names and numbers of the legal proceedings in which he was prejudiced by being denied access to the courts, along with how he was specifically prejudiced; (3) explain[ed] how he was harmed by his legal papers or mail being read or confiscated; and (4) explain[ed] *why* he has named Defendants in both their individual and official capacities.

*Doc. 4 at 3* (emphasis in original).

Banks later filed an Amended Complaint (*Doc. 16*) and an Addendum (*Doc. 18*),[4] in which he again names the twenty-four Defendants listed in his Complaint, along with fifteen additional Defendants.[5] *Doc. 16 at 1-2, 4, 6 & 8-9.* All Defendants were sued in their official and personal capacities for monetary damages. *Doc. 2 at 2 & 5; Doc. 16 at 2 & 10.* The Amended Complaint no longer mentions the claims Banks was improperly seeking to pursue on behalf of Darrell Warren and John Eugine Randol.[6]

---

[4]Banks's Amended Complaint and Addendum were untimely. *See Doc. 4.* However, because of his multiple transfers and alleged difficulties with receiving his mail, the Court has considered them in screening his claims. *See, e.g., Docs. 5-7, 9, 15, 17, 19-21, 23, 24, 28-30.* Banks also filed Exhibits (*Doc. 27*) relating to events while he was in the Arkansas State Hospital. Because those "exhibits" are *unrelated* to his claims in this lawsuit, they have not been considered.

[5]Lieutenant McKinna ("McKinna"), Deputy Whitehead ("Whitehead"), Deputy Kindle ("Kindle"), Deputy Stinnet ("Stinnet"), Deputy Allen ("Allen"), Sergeant Clarkie ("Clarkie"), Deputy Cobbs ("Cobbs"), Deputy Baggie ("Baggie"), Deputy Perry ("Perry"), Mental Health Worker Downy ("Downy"), Mental Health Worker Jackson ("Jackson"), Captain Calvin ("Calvin"), Captain Rose ("Rose"), Deputy Israel ("Israel"), and Sergeant Carner ("Carner"). *Doc. 16 at 1-2, 4, 6 & 8-9.*

[6]In its September 3, 2019 Order (*Doc. 4 at 2-3*), the Court informed Banks that he could not bring claims on behalf of Warren, Randol, or any other prisoners. *See Martin v. Sargent,* 780

### A. Banks's Official-Capacity Claims

The doctrine of sovereign immunity bars Banks from pursuing a claim for monetary damages against Defendants in their official capacity. *See Glasgow v. Nebraska,* 819 F.3d 436, 441 n.5 (8th Cir. 2016); *Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997) (damages claims against state officials acting in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"). Because Banks seeks monetary damages only, his official-capacity claims against all Defendants should be dismissed.

### B. Banks's Claims Against Defendants Luckadue, Long, Arravat, Ware, Kindle, Stinnet, Allen, Clarkie, Cobbs, Perry, Downy, and Jackson

Because Banks's initial Complaint contained no specific factual or legal allegations against *any Defendant*, the Court expressly instructed him that any Amended Complaint should explain "*how* and *when each* of the named Defendants *personally participated* in violating his constitutional rights." *Doc. 4 at 3.*

Banks's Amended Complaint does not assert any specific claims against Defendants Luckadue, Long, Arravat, Ware, Kindle, Stinnet, Allen, Clarkie, Cobbs,

---

F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."); 28 U.S.C. § 1654 (parties must "plead and conduct their own cases personally or by counsel").
    Separate cases were later opened for Warren and Randol. *See Warren v. Briggs, et al.*, E.D. Ark. No. 4:19cv598-KGB-JTR (dismissal recommended for lack of prosecution); *Randol v. Briggs, et al.*, E.D. Ark. No. 4:19cv597-KGB-JTR (dismissed for lack of prosecution).

Perry, Downy, and Jackson. At most, Banks makes the nebulous suggestion that these twelve Defendants were somehow involved, with many others, in "violating [Banks's] constitutional rights." *Doc. 16 at 4-5.* Banks's Amended Complaint fails to provide *any facts* explaining how any of those twelve individual Defendants were personally involved in or responsible for violating any of his specific constitutional rights.

A prisoner must do more than make entirely conclusory allegations that are not supported by any facts. *Iqbal,* 556 U.S. at 678; *see Krych v. Hvass,* 83 F. App'x 854, 855 (8th Cir. 2003) (holding that *pro se* plaintiff failed to state a claim against individuals that he "merely listed" in the complaint as defendants). Instead, to state a plausible § 1983 claim, he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and the complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 676 & 678; *see also Turner v. Mull,* 784 F.3d 485, 493-94 (8th Cir. 2015) ("This court has made clear that '[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.'").

Because Banks has not alleged *any* facts to support and explain what Defendants Luckadue, Long, Arravat, Ware, Kindle, Stinnet, Allen, Clarkie, Cobbs, Perry, Downy, and Jackson personally did in violation of *any* of Banks's specific

constitutional rights, those twelve Defendants should be dismissed, without prejudice.

### C. Banks's Claims Against Doe Defendants

Banks's Amended Complaint does not mention the "John Doe" and "Jane Doe" Defendants referenced in his Complaint.[7] Having never asserted a plausible claim (much less a reasonably specific and factually supported claim) against any of the John and Jane Doe Defendants in any of his pleadings, all Doe Defendants should be dismissed, without prejudice.

### D. Banks's Denial of Access to the Courts Claims

Banks's access to the courts claims against the remaining Defendants[8] fail, as a matter of law, because he has not stated a plausible constitutional claim explaining: (1) how any of those Defendants were personally involved in denying him access to the courts; and (2) how he suffered an "actual injury" in his cases as a result of the alleged personal involvement of those Defendants in denying him access to the courts.

---

[7]In his Complaint, Banks makes only the nebulous assertion that the John and Jane Doe Defendants may have "network[ed]" with the many named Defendants "in a joint effort" to violate the constitutional rights of "certain inmates." *Doc. 2 at 1-2 & 4.*

[8]Briggs, Hoof, Shepard, Hobbs, Voghn, Altrich, Freeman, Sims, Mussaddqi, McCuewn, Bilbruck, Ekezell, Garcia, Benett, Knudsen, Nelson, Jenkins, Feilds, Tompson, Austin, McKinna, Whitehead, Baggie, Calvin, Rose, Israel, and Carner.

Prisoners have a constitutional right to access the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977) (this right is "established beyond doubt").[9] To have standing to proceed with an access to the courts claim, a prisoner must show that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (*citing Harbury*, 536 U.S. at 413). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996). The injury may not be speculative or anticipatory. *See Harbury,* 536 U.S. at 416 (the "arguably meritorious" nature of a claim must be "more than hope"); *Hartsfield v. Nichols,* 511 F.3d 826, 832 (8th Cir. 2008) (prisoner's assertion, that his lack of access to legal materials prevented him from filing a lawsuit "because he did not know what arguments to make," was too "speculative" to constitute "actual injury").[10]

---

[9]The constitutional source for the right of access to the court is "unsettled." *Christopher v. Harbury,* 536 U.S. 403, 415 n.12 (2002) (noting that courts have grounded the right in the Privileges and Immunities Clause of Article IV, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses).

[10]Although the Constitution requires access to the courts, it does not guarantee the ability "to *litigate effectively*" or to prevail in court. *Lewis*, 518 U.S. at 354 (emphasis in original); *Zink v. Lombardi*, 783 F.3d 1089, 1108 (8th Cir. 2015). Instead, the Constitution is satisfied if the prisoner has "the capability of bringing contemplated challenges" before the courts. *Lewis*, 518 U.S. at 356; *Zink*, 783 F.3d at 1108.

Finally, because Banks's access to the courts claims are "backward-looking," he must also show that he has been denied access to a remedy that is unavailable in a current or future lawsuit. *Harbury,* 536 U.S. at 413-15 (a "backward-looking" claim is one in which the "official acts claimed to have denied access … caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief") (internal citations omitted). "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id.* at 415.

Thus, to establish an "actual injury" sufficient to allow him to proceed with his access to the courts claims, Banks must identify: (1) an arguably meritorious underlying claim; (2) specific actions by Defendants that impeded his *capability* to litigate that claim; and (3) a remedy that may be awarded that would not otherwise be available. *See Harbury,* 536 U.S. at 415.

In its Order allowing Banks to file an Amended Complaint, the Court instructed him to explain "*how* he suffered an *actual harm or injury* from not being able to access the courts," the dates he suffered this harm or injury, the case names and numbers of the legal proceedings in which he was prejudiced by being denied

access to the courts, and how he was specifically prejudiced in those cases. *Doc. 4 at 3* (emphasis in original).

    1.    <u>Legal Proceedings in which Banks Claims He Suffered an "Actual Injury"</u>

Banks identifies three § 1983 lawsuits in which he says his ability to access the courts was impeded by Defendants' actions. The Court will discuss each lawsuit separately.

    (a)    *Banks v. Vance, et al.,* No. 4:19cv291-BD ("Case No. 4:19cv291")

Banks makes the entirely conclusory allegation that "all" Defendants "personally participated in causing [him] to be prejudiced" in Case No. 4:19cv291 by taking his court documents and legal mail and tearing up and throwing away his legal papers.[11] *Doc. 16 at 6.* He also alleges that, on unspecified dates, Defendants Mussaddqi, Jenkins, Garcia, Tompson, Austin, McCuewn, Bilbruck, Altrich, Freeman, Voghn, McKinna, Sims, and Briggs forced him to tear up his legal mail or throw it in the trash and said, if he did not do so, they would "kill [him] … by spraying OC spray up [his] nose and mouth then choking [him]." *Id.* at 6-7. According to Banks, these actions caused him to not have paperwork and legal mail that he needed to fill out and file documents by unspecified Court deadlines in Case No. 4:19cv291. *Id.*

---

[11]A margin notation in Banks's Addendum indicates that his mail was "all taken away from" him from April 25, 2019 to June 25, 2019. *Doc. 18 at 12.*

The pleadings and papers in Case No. 4:19cv291 establish, as a matter of law, that Banks's ability to litigate that case was *not* impeded by the conclusory and far-fetched allegations of misconduct that he now makes against the remaining Defendants.

On April 23, 2019, Banks filed his thirteen-page Complaint. *See* Case No. 4:19cv291, *doc. 1*. On April 30, 2019, the Court ordered Banks to pay the filing fee or file a completed application to proceed *in forma pauperis* ("IFP"). *Id., doc. 2*. When Banks complained that PCDF officials were refusing to complete his jail account information sheet, the Court entered an Order, on June 6, 2019, directing the jail administrator to complete the sheet and return it to Banks so that he could submit it to the Court with his other IFP papers. *Id., doc. 6.* Banks was able to do so, and, on July 8, 2019, the Court granted his IFP application and gave him thirty days to file an Amended Complaint correcting certain deficiencies in his Complaint. *Id., docs. 9-10*.

On July 10, 2019, Banks filed a Motion for copies of "all paperwork" in No. 4:19cv29. He vaguely alleged that unspecified persons "took all [his] legal paperwork" and "ripped [it] up," and then refused to fill out the financial forms until they received the Court's June 6, 2019 Order. *Id., doc. 11*. In an Order, dated July 11, 2019, the Court denied Banks's request for copies because it was "too broad," but provided him with a copy of the docket sheet and gave him the opportunity to

11

request specific documents relevant to the claims he intended to raise in his Amended Complaint. *Id., doc. 13*. Importantly, between the filing of his Complaint and the July 11, 2019 Order, Banks successfully filed more than sixty pages of assorted papers and exhibits. *See id., docs. 4, 5, 7, 8 & 12*.

On July 16, 2019, Banks filed an Amended Complaint. *Id., doc. 14*. A few days later, he filed a Motion to Amend and an Addendum. *Id., docs. 16 & 17*. On July 18, 2019, the Court ordered service of the Complaint and Amended Complaint on Defendants. *Id., doc. 19*. Banks later filed another Motion to Amend, a Supplement, and Exhibits, *id., docs. 20-22, 74 & 110*, along with more than forty other Motions and papers. *Id., docs. 23, 29, 30, 33, 35, 39, 42, 45, 49, 50, 52, 53, 60, 63, 73-76, 78, 93, 96-105, 108-111, 113, 114, 118, 120-127 & 129*. The Court has provided Banks with copies of multiple requested documents. *Id., docs. 31, 77, 79, 95, 106*. The case has been closed twice due to Banks's failure to comply with Court orders and keep the Court apprised of address changes. *Id., docs. 67, 68, 88, 89*. However, both times, the Court later agreed to reopen the case after Banks filed motions to reconsider based on his multiple transfers and difficulties in receiving his mail. *Id., docs. 77 & 94*.

At most, this record establishes that Banks's IFP application might have been delayed by the alleged actions of Defendants, but it ultimately was granted, and Banks was able to proceed with the case and make multiple filings to present his

claims. Thus, all of Banks's claims in Case No. 4:19cv291 remain pending before the Court.

Accordingly, as a matter of law, none of Banks's alleged claims of misconduct by any of the remaining Defendants resulted in him suffering an "actual injury" in Case No. 4:19cv291.

(b) *Banks v. Pulaski County Sheriff Department, et al.,* No. 4:19cv297-JM-PSH ("Case No. 4:19cv297")

Banks makes the conclusory and factually unsupported allegation that PCDF officials refused to fill out the calculation sheet necessary for his IFP application, which caused Case No. 4:19cv297 to be dismissed. *Doc. 16 at 5; see also Doc. 2 at 22-29; Doc. 18 at 9-11, 13.*

The pleadings and papers in Case No. 4:19cv297 establish, as a matter of law, that Banks's ability to litigate that case was *not* impeded by any of the previously described alleged misconduct of the remaining Defendants.

On April 25, 2019, Banks filed his sixteen-page Complaint. *See* Case No. 4:19cv297, *doc. 1*. On April 26, 2019, the Court entered an Order giving Banks thirty days to pay the filing fee or file a completed IFP application. *Id., doc. 2*. When Banks failed to do so, United States District Judge James M. Moody Jr. entered an Order and Judgment, on May 30, 2019, dismissing his Complaint, without prejudice. *Id., docs. 3-4*. However, when Banks belatedly submitted the requested financial information, Judge Moody entered an Order reopening the case. *Id., docs. 17, 20,*

13

*21*. On July 29, 2019, the Court granted Banks's IFP application, and gave him thirty days to file an Amended Complaint correcting certain pleading deficiencies. *Id., doc. 26.*

Banks went on to file four Amended Complaints and multiple exhibits, motions, and other papers. *Id., docs. 22, 23, 25, 27-29 & 31*. On August 13, 2019, Judge Moody entered an Order dismissing Case No. 4:19cv297 because Banks's claims were: (1) improperly joined; (2) factually unrelated; (3) encompassed in claims he was already pursuing in other pending § 1983 actions; or (4) unexhausted because they arose from events that occurred *after* he filed the Complaint. *Id., doc. 32.*

Banks later appealed the dismissal of Case No. 4:19cv297. On July 24, 2020, the Eighth Circuit Court of Appeals dismissed the appeal because it was untimely. *Id., doc. 68.* Banks then filed multiple post-judgment motions, all of which were denied by Judge Moody. *Id., docs. 34-37, 47, 48, 52, 53, 66, 67, 72, 73, 78 & 80.*

Thus, while Case No. 4:19cv297 was initially dismissed, it was later reopened, and Banks was able to proceed with his claims and make multiple filings. Judge Moody ultimately dismissed all of those claims on procedural grounds, and his decision was later affirmed by the Eighth Circuit.

Accordingly, as a matter of law, none of Banks's alleged claims of misconduct by the remaining Defendants caused him any "actual injury" in Case No. 4:19cv297.

  (c)  *Banks v. Turn Key Medical,* No. 4:19cv352-JM-JJV ("Case No. 4:19cv352")

In his Amended Complaint, Banks alleges that "all the persons named in this lawsuit" caused Case No. 4:19cv352 to be dismissed as a "strike" because they would not allow him to have pencil and paper to write to the courts, and because they took all his legal mail between June 14 and June 29, 2019. *Doc. 16 at 5.* He also alleges that, on June 21, 2019, Defendants Mussaddqi, Shepard, Altrich, and Whitehead opened his outgoing legal mail in that case, removed his Amended Complaint, and then mailed only various grievances and classification papers to the Court. *Id.; see also Doc. 2 at 7-21; Doc. 18 at 1-8 & 14-15.*

The pleadings and papers in Case No. 4:19cv352 establish, as a matter of law, that Banks's ability to litigate that case was *not* impeded by any alleged misconduct of the remaining Defendants.

On May 16, 2019, Banks filed his five-page Complaint. *See* No. 4:19cv352, *doc. 1.* On May 17, 2019, the Court entered an Order allowing Banks thirty days to pay the filing fee or file a completed IFP application. The Court also explained to Banks that his Complaint was deficient because he failed to state an official-capacity claim against Turn Key Medical (the sole Defendant); he had named no individual employees; and he did not allege what any individuals did to violate his rights. The Court allowed Banks thirty days to file an Amended Complaint curing these pleading deficiencies. *Id., doc. 2.*

On June 4 and 11, 2019, Banks filed a sick call request and several grievances. *Id., docs. 3 & 4.* He did *not* file an Amended Complaint by the June 17, 2019 deadline.

On June 21, 2019, the assigned United States Magistrate Judge screened the Complaint and submitted a Recommended Disposition suggesting that: (1) Banks's pleading be dismissed, without prejudice, for failure to state a plausible claim for relief; and (2) the dismissal count as a "strike" under 28 U.S.C. § 1915(g). *Id., doc. 5.* Banks was explicitly given fourteen days to file either written objections to the Recommended Disposition or a "Statement of Necessity" if he believed the Court should consider "new, different, or additional" evidence that was *not* presented to the Magistrate Judge. *Id. at 1-2.*

On July 3, 2019, Banks filed an IFP calculation sheet and certificate of prisoner accounts (*id., doc. 7)*, along with two other *untitled* filings (*id., docs. 6 & 8).* Nothing in any of those documents contained written objections to the Recommended Disposition or sought to have Judge Moody consider "new, different, or additional" evidence that was relevant to his claims.

On July 9, 2019, Judge Moody adopted the Recommended Disposition, and entered an Order dismissing the case in its entirety. *Id., docs. 9-10.* In his Order, Judge Moody correctly noted that Banks's additional filings did "not address the basis for the dismissal in the Recommended Disposition." *Id., doc. 9.*

On July 17, 2019, Banks filed a Notice of Appeal in Case No. 4:19cv352, along with an application to proceed IFP on appeal. *Id., docs. 15, 16.* While his appeal was pending before the Eighth Circuit, Banks continued to file "notices" and motions in Case No. 4:19cv352, all of which were denied. *Id., docs. 17-20, 25-32, 34, 36 & 38.*

On October 15, 2019, the Eighth Circuit "summarily affirmed" Judge Moody's decision holding that Banks's voluminous pleadings failed to state a plausible claim for relief. Accordingly, as a matter of law, none of Banks's far-fetched and conclusory allegations of misconduct by the remaining Defendants caused him any "actual injury" in Case No. 4:19cv352.

    2.    <u>Other General Allegations of "Actual Injury"</u>

Finally, Banks makes the following general allegations of "actual injury" that are *not* tied to any particular legal proceeding: (1) Defendants Briggs, Shepard, Altrich, Freeman, Sims, Mussaddqi, Benett, Whitehead, Baggie, Calvin, Rose, and Israel denied him access to the PCDF law library (*Doc. 16 at 8)*; (2) Defendants Shepard, Voghn, Freeman, Tompson, McKinna, and Carner made false statements in incident reports (*id. at 8*); and (3) Defendants Briggs, Hoof, Shepard, Hobbs, Voghn, Altrich, Freeman, Sims, Mussaddqi, Ekezell, Garcia, Benett, Nelson, Knudsen, Jenkins, Fields, Thompson, Austin, and Calvin watched him on the cell cameras to determine when he was doing legal work or writing grievances (*id. at 9*).

Banks does not explain: (1) how long he was denied access to the PCDF law library; (2) why he needed access to the law library to articulate *the missing facts* required to state a plausible claim for relief; and (3) why he failed to submit any grievances or other documentation to substantiate any of Defendants' alleged misconduct, much of which seems highly implausible on its face. He also makes no effort to explain how certain Defendants watching him on the monitoring cameras, as he did legal work and wrote grievances, caused him any actual injury in any of his lawsuits. In short, Banks makes no effort to connect these vague and conclusory allegations to any particular case or legal claim. As a result, he has failed to show any plausible "actual injury" or prejudice he suffered in any "contemplated or existing litigation" that might be attributable to the alleged misconduct of the remaining Defendants. *See Lewis,* 518 U.S. at 348. Thus, Banks's general allegations of actual injury are not sufficient to state a plausible constitutional claim that any of the Defendants denied him access to the courts.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Banks's Complaint and Amended Complaint (*Docs. 2 & 16*) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.     The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 17th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE